# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2020 07:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
20STCV08087

## SUMMONS

**SUM-100**

### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARMSTRONG WORLD INDUSTRIES INC., a Pennsylvania Company
registered and doing business in the State of California;
ARMSTRONG FLOORING INC., [Additional Parties attached page]

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Truong Le, an individual

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER** *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | 20STCV08087 |

Superior Court of California,
111 N Hill Steet,
Los Angeles, CA 90057

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Azuka L. Uzoh 237401 Law Office of Azuka L. Uzoh
1930 Wilshire Blvd, Ste 1216 (213) 483-4020
Los Angeles, CA 90057

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 03/24/2020 | Clerk, by | S. Ruiz | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Armstrong Flooring Inc
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4/3/20

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California SUM-100 [Rev. July 1, 2009] | | www.courtinfo.ca.gov |

CEB Essential Forms
ceb.com

Truong Lee

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TRUONG LE v ARMSTRONG INC. ET AL | 20STCV08087 |

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

a Delaware Corporation registered and doing business in the State of California and DOES 1 through 100, inclusive.

Page_____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
CEB Essential
ceb.com [e]Forms

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**      Truong Lee

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV08087

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

1  AZUKA L. UZOH, SB# 237401
   **LAW OFFICES OF AZUKA L. UZOH**
2  1930 WILSHIRE BLVD, SUITE 1216
   LOS ANGELES, CALIFORNIA 90057
3  Phone: (213) 483-4020
   Fax: (213) 483-4037
4

5  Attorney for Plaintiff,
   Truong Le
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9      **FOR THE COUNTY OF LOS ANGELES -CENTRAL JUDICIAL DISTRICT**
10

11  TRUONG LE, an individual,              Case No.:  20STCV08087

12            Plaintiff,                   **COMPLAINT FOR DAMAGES:**

13        vs.
                                           1.  **DISCRIMINATION BASED UPON**
14                                             **AGE;**
                                           2.  **DISCRIMINATION BASED UPON**
15  **ARMSTRONG WORLD INDUSTRIES,**            **RACE;**
    **INC., a Pennsylvania Company registered**   3.  **DISCRIMINATION BASED UPON**
16  **and doing business in the State of California;**   **NATIONAL ORIGIN;**
    **ARMSTRONG FLOORING INC., a**          4.  **WRONGFUL TERMINATION IN**
17  **Delaware Corporation registered and doing**       **VIOLATION OF PUBLIC POLICY;**
    **business in the State of California; and DOES**  5.  **FAILURE TO TAKE ALL**
18  **1 through 100, inclusive,**               **REASONABLE STEPS TO**
                                               **PREVENT DISCRIMINATION;**
19                                           6.  **INTENTIONAL INFLICTION OF**
            Defendants.                        **EMOTIONAL DISTRESS**
20

21                                         **JURY TRIAL DEMANDED**

22

23
    **PLAINTIFF TRUONG LE COMPLAINS AND ALLEGES AGAINST DEFENDANTS**
24
    **ARMSTRONG WORLD INDUSTRIES, INC. & ARMSTRONG FLOORING INC. AS**
25
    **FOLLOWS:**
26

27

28

---

**COMPLAINT FOR DAMAGES**        – page: 1        Law Offices of Azuka L. Uzoh
                                                 1930 Wilshire Blvd., Suite 1216
                                                 Los Angeles, CA 90057
                                                 (213) 483-4020, (213) 483-4037 fax

## JURISDICTION AND VENUE

1.     Jurisdiction is conferred on this Court over Defendant named herein which conducts business in the state of California.  Jurisdiction is conferred on this Court as to all causes of action as they arise under state statutory or common law.

2.     Venue is proper in this Court because Defendant conducts business in this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

## PARTIES

3.     Plaintiff TRUONG LE, (hereinafter "Plaintiff" or "Mr. Le"), is at all relevant times was and is an individual residing in the County of Los Angeles.

4.     Plaintiff is informed and believes, and thereupon alleges that ARMSTRONG WORLD INDUSTRIES, INC., is now, and at all times herein mentioned, a Pennsylvania Corporation existing under the laws of the State of California and is authorized to do business in the State of California. ARMSTRONG'S place of business, where the following causes of action took place, was and is in various California counties, including in the County of Los Angeles.

5.     Plaintiff is informed and believes, and thereupon alleges that ARMSTRONG FLOORING INC. is now, and at all times herein mentioned, a Delaware Corporation existing under the laws of the State of California and is authorized to do business in the State of California. ARMSTRONG'S place of business, where the following causes of action took place, was and is in various California counties, including in the County of Los Angeles.

6.     At all relevant times herein mentioned, Plaintiff was an employee of ARMSTRONG WORLD INDUSTRIES, INC. and/or ARMSTRONG FLOORING INC. (hereinafter collectively "Defendants" or "ARMSTRONG").

7.     Plaintiff is informed and believes, and thereupon alleges that, at all times herein mentioned, ARMSTRONG and all other persons ARMSTRONG had involvement with regarding Plaintiff's employment with them, were agents and employees of ARMSTRONG and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of ARMSTRONG.

8.     Plaintiff is ignorant of the true names and capacities, whether corporate, partnership, association, individual or otherwise, of Defendants sued herein as DOES 1 through 100 inclusive, as such Plaintiff sues said Defendants under the provisions of sections 474 of the

California Code of Civil Procedure. Plaintiff is informed and believes, and on that basis alleges that Defendants DOES 1 through 100 inclusive are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will amend this complaint to set forth the true names and capacities of said fictitiously named Defendants, together with appropriate charging allegations when their true names are ascertained.

9.    Plaintiff is informed and believes, and on that basis allege that at all times mentioned herein each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendants, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.    Plaintiff is informed and believes, and thereupon alleges that, at all times herein mentioned, ARMSTRONG is a Corporation engaged in the business of manufacturing, installation and maintenance of flooring products. Upon information and belief, ARMSTRONG operates two major production sectors – the Commercial line and the Residential line.

11.    MR. LE was employed by ARMSTRONG for over 7 years, from 2012 to January 2020. For the duration of his employment with ARMSTRONG, MR. LE was a Supervisor in the Residential line of ARMSTRONG in its Southgate Plant located in Southgate, California.

12.    Throughout MR. LE's employment, he received ever increasing responsibilities and performed his job in an exemplary manner. In recognition of MR. LE's outstanding job performance, he was nominated for and indeed won an award for excellence at ARMSTRONG. The award for excellence is reserved for employees of ARMSTRONG who have performed excellently in their given role. MR. LE won the Silver Award as a result of his contribution to the "*overall department or functional objectives*" of ARMSTRONG.  MR. LE was described as "*an asset*" to ARMSTRONG and "very well liked by his team". MR. LE was commended for his "*effectiveness at getting others on board to get things accomplished*". (Emphasis added).

13.    Furthermore, ARMSTRONG's Human Resource MANAGER, Kayla Ramirez issued a glowing recommendation letter on behalf of MR. LE wherein she extoled MR. LE's excellent work ethic and productivity during his employment at ARMSTRONG.

---

**COMPLAINT FOR DAMAGES**        **– page: 3**

14.      ARMSTRONG usually carries out bi-annual performance reviews on its employees to evaluate employees' performance during the relevant period under review. The 2019 mid-year review which is the most recent performance review and the last one MR. LE participated in, indicate that MR. LE performed excellently in his role as a Supervisor in ARMSTRONG's residential line.

15.      MR. LE believes and based on his beliefs allege that, at all times relevantly mentioned herein, he performed his duties as assigned by the ARMSTRONG's agents and/or managers without any complaints and had fulfilled all of the duties and conditions under his employment contract.

16.      Plaintiff is informed and believes, and thereupon alleges that, at all times herein mentioned, ARMSTRONG employed five Supervisors to work in its South Gate Plant, one of whom is MR. LE. The Supervisors include: Mathew Terry who ,based on information and belief, is under 40 years old and has worked in ARMSTRONG's Commercial line for approximately 5 years; Chris Empey who, based on information and belief, is under 40 years old and has worked in ARMSTRONG's Commercial line for approximately 2 years; Nina Mendez who, based on information and belief, is over 40 years old and has worked in ARMSTRONG's Residential line for approximately 2 years; Rodrick Taylor, based on information and belief, is over 40 years old and worked in ARMSTRONG's Residential line for less than a year before he was terminated; and Plaintiff MR. LE who is 61 years old and has worked in ARMSTRONG's Residential line for 7+ years.

17.      At the time of his employment termination, MR. LE was the oldest of the five supervisors in ARMSTRONG'S South Gate Plant, being over 40years of age (specifically 61 years old). Based on information and belief, the other Supervisors in ARMSTRONG'S South Gate Plant (except one) are less than 40 years old.

18.      Additionally, based on information and belief, MR. LE is the most senior and the most experienced Supervisor in ARMSTRONG'S South Gate Plant, having worked there longer than the other Supervisors. As a matter of fact, MR. LE trained two of the Supervisors – Mathew Terry (who would later replace him) and Rodrick Taylor.

19.      Of the five supervisors in ARMSTRONG'S South Gate Plant, MR. LE is the only Asian of Vietnamese descent.

20.    On or about November 4, 2019, MR. LE received a letter from ARMSTRONG'S Vice President of Manufacturing Doug Ankney, informing him that his employment is being terminated effective January 3, 2020. The termination letter stated that ARMSTRONG was eliminating its commercial line of production while continuing its residential line of production.

21.    MR. LE, who worked in the residential line, was terminated while the Supervisors in the Commercial line specifically Mathew Terry (whom Mr. LE trained) and Chris Empey were retained and transferred to the residential line to replace MR. LE.

22.    Despite MR. LE's experience and exemplary performance, MR. LE was replaced by younger, less experienced Supervisors from the commercial line, some of whom were trained by MR. LE.

23.    During his employment, ARMSTRONG's managerial Staff regularly made derogatory statements about MR' LE's age including that they were planning to get rid of older Staff to make room for younger employees. Additionally, MR. LE was subjected to derogatory statements and slurs by reason of his national origin and race.

24.    As a consequence of ARMSTRONG'S conduct, MR. LE has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

25.    ARMSTRONG'S conduct constitutes oppression, fraud or malice under *California Civil Code Section 3294*, so as to entitle MR. LE an award of exemplary/punitive damages.

26.    ARMSTRONG'S conduct was done with malice and oppression within the meaning of *California Civil Code Section 3294*, including that (a) ARMSTRONG acted with intent to cause injury to MR. LE, and/or acted with reckless disregard toward MR. LE 's injury, including by terminating and/or taking other adverse job action against MR. LE based on his age and race/national origin; and/or (b) ARMSTRONG'S conduct was despicable, with willful and conscious disregard of MR. LE 's rights, health and safety, including MR. LE 's right to be free of discrimination and wrongful termination.

27.    In addition, and/or alternatively, ARMSTRONG'S conduct, as alleged, was fraudulent within the meaning of *California Civil Code Section 3294*, including that ARMSTRONG asserted false (pretextual) grounds for termination, to thereby deprive MR. LE of his legal rights. MR. LE has incurred and continues to incur legal expenses and attorneys' fees.

28.    MR. LE filed a claim with the California Department of Fair Employment and Housing ("DFEH"), pursuant to *California Government Code section 12960(b)* and the California Fair Employment and Housing Act ("FEHA"). MR. LE filed such a claim in a timely fashion and received a "right-to-sue" letter. Attached as Exhibit A and incorporated herein by reference is a true and correct copy of the claim against ARMSTRONG and "right-to-sue" letter.

29.    MR. LE has thus exhausted all his administrative remedies.

## FIRST CAUSE OF ACTION

### (Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)

### FOR DISCRIMINATION BASED UPON AGE

#### (Government Code § 12940, et seq.)

26.    The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination based upon age.

27.    At all times relevant herein, Defendant ARMSTRONG was an employer as that term is defined in *California Government Code section 12926*, et seq., and as such, was barred from harassing and discriminating in employment decisions.

28.    At all times relevant herein, MR. LE was an employee of ARMSTRONG.

29.    At all times relevant herein, MR. LE was over 40 years old and therefore belonged to a protected class. ARMSTRONG knew, perceived, and/or believed that MR. LE, being over 40 years old, belonged to a protected status.

30.    Throughout his employment, MR. LE was qualified to perform his job duties. Indeed, MR. LE job performance was excellent during the entire course of his employment.

31.    At all times relevant herein, California Fair Employment and Housing Act Government Code § 12940, et seq. ("FEHA") was in full force and effect and was binding on Defendants. FEHA prohibits employers from discriminating against employees on the basis of age, by taking adverse employment action against employees, including termination.

32.    At the time of his termination, MR. LE was over 40 years old. As a result of his age, MR. LE suffered adverse employment actions including but not limited to: termination; and being replaced by less qualified and less experienced employees some of whom he trained.

---

**COMPLAINT FOR DAMAGES        – page: 6**

Law Offices of Azuka L. Uzoh
1930 Wilshire Blvd., Suite 1216
Los Angeles, CA 90057
(213) 483-4020, (213) 483-4037 fax

ARMSTRONG discriminated against MR. LE based on his age by terminating his employment despite his exemplary performance and experience gained throughout his 7+ years of working for ARMSTRONG.

33.    The foregoing actions taken by ARMSTRONG, including terminating MR. LE's employment, and promoting younger, less experienced and less qualified employees to replace MR. LE violates FEHA Government Code § 12940, et seq.

34.    MR. LE's age was a motivating factor in ARMSTRONG's aforementioned decisions that were averse to MR. LE in regard to compensation and terms, conditions and privileges of employment. MR. LE'S age was a motivating factor in ARMSTRONG'S aforementioned decision to terminate him and replace him with younger, less qualified and less experienced employees some of whom he trained.

35.    ARMSTRONG treated MR. LE differently than younger employees by retaining their employment, promoting them to replace MR. LE despite his superior experience and outstanding performance.

36.    The reason given by ARMSTRONG for the aforementioned adverse actions described herein above was a mere pretext; ARMSTRONG'S real reason for terminating MR. LE was to discriminate against him due to his age, race and national origin.

37.    As a direct, foreseeable, and proximate result of ARMSTRONG'S conduct, as alleged above, MR. LE has suffered reduced earning capacity, lost income, employment, and career opportunities and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

38.    MR. LE incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

39.    As a proximate result of the conduct complained of herein, MR. LE suffered and continue to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

40.     Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage him, MR. LE request the assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

## SECOND CAUSE OF ACTION

### (Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)

### FOR DISCRIMINATION BASED UPON RACE

### (Government Code § 12940, et seq.)

41.     The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination based upon race.

42.     At all times relevant herein, Defendant ARMSTRONG was an employer as that term is defined in *California Government Code section 12926*, et seq., and as such, was barred from harassing and discriminating in employment decisions.

43.     At all times relevant herein, MR. LE was an employee of ARMSTRONG.

44.     At all times relevant herein, MR. LE is an Asian Male of Vietnamese descent and therefore belongs to a protected class. ARMSTRONG knew, perceived, and/or believed that MR. LE is an Asian Male of Vietnamese descent, and therefore belonged to a protected status.

45.     Throughout his employment, MR. LE was qualified to perform his job duties. Indeed, MR. LE job performance was excellent during the entire course of his employment.

46.     At all times relevant herein, California Fair Employment and Housing Act Government Code § 12940, et seq. ("FEHA") was in full force and effect and was binding on Defendants. FEHA prohibits employers from discriminating against employees on the basis of race, by taking adverse employment action against employees, including termination

47.     As a result of his race, MR. LE suffered adverse employment actions including but not limited to: termination; and being replaced by less qualified and less experienced employee some of whom he trained. ARMSTRONG discriminated against MR. LE based on his race by terminating his employment despite his exemplary performance and experience gained throughout his 7+ years of working for ARMSTRONG.

48.     The foregoing actions taken by ARMSTRONG, including terminating MR. LE's employment, and promoting less experienced and less qualified employees to replace MR. LE violates FEHA Government Code § 12940, et seq.

49.     MR. LE's race was a motivating factor in ARMSTRONG's aforementioned decisions that were averse to MR. LE in regard to compensation and terms, conditions and privileges of employment. MR. LE'S race was a motivating factor in ARMSTRONG'S aforementioned decision to terminate him; and replace him with a less qualified and less experienced employee some of whom he trained.

50.     ARMSTRONG treated MR. LE differently than non-Asian, non/Vietnamese employees by retaining their employment, promoting them to replace MR. LE despite his superior experience and outstanding performance.

51.     The reason given by ARMSTRONG for the aforementioned adverse actions described herein above was a mere pretext; ARMSTRONG'S real reason for terminating MR. LE was to discriminate against him due to his age, race and national origin.

52.     As a direct, foreseeable, and proximate result of ARMSTRONG'S conduct, as alleged above, MR. LE has suffered reduced earning capacity, lost income, employment, and career opportunities and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

53.     MR. LE incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

54.     As a proximate result of the conduct complained of herein, MR. LE suffered and continue to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

55.     Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage him, MR. LE request the assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

## THIRD CAUSE OF ACTION

### (Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)

### FOR DISCRIMINATION BASED UPON NATIONAL ORIGIN

#### (Government Code § 12940, et seq.)

56.     The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination based upon national origin.

57.     At all times relevant herein, Defendant ARMSTRONG was an employer as that term is defined in *California Government Code section 12926*, et seq., and as such, was barred from harassing and discriminating in employment decisions.

58.     At all times relevant herein, MR. LE was an employee of ARMSTRONG.

59.     At all times relevant herein, MR. LE is an Asian Male of Vietnamese descent and therefore belongs to a protected class. ARMSTRONG knew, perceived, and/or believed that MR. LE is an Asian Male of Vietnamese descent, and therefore belonged to a protected status.

60.     Throughout his employment, MR. LE was qualified to perform his job duties. Indeed, MR. LE job performance was excellent during the entire course of his employment.

61.     At all times relevant herein, California Fair Employment and Housing Act Government Code § 12940, et seq. ("FEHA") was in full force and effect and was binding on Defendants. FEHA prohibits employers from discriminating against employees on the basis of national origin, by taking adverse employment action against employees, including termination.

62.     As a result of his national origin, MR. LE suffered adverse employment actions including but not limited to: termination; and being replaced by less qualified and less experienced employee that he trained. ARMSTRONG discriminated against MR. LE based on his national origin by terminating his employment despite his exemplary performance and experience gained throughout his 7+ years of working for ARMSTRONG.

63.     The foregoing actions taken by ARMSTRONG, including terminating MR. LE's employment, and promoting less experienced and less qualified employees to replace MR. LE violates FEHA Government Code § 12940, et seq.

64.     MR. LE's national origin was a motivating factor in ARMSTRONG's aforementioned decisions that were averse to MR. LE in regard to compensation and terms,

Law Offices of Azuka L. Uzoh
1930 Wilshire Blvd., Suite 1216
Los Angeles, CA 90057
(213) 483-4020, (213) 483-4037 fax

conditions and privileges of employment. MR. LE'S national origin was a motivating factor in ARMSTRONG'S aforementioned decision to terminate him; and replace him with a less qualified and less experienced employees some of whom he trained.

65.     ARMSTRONG treated MR. LE differently than non-Asian, non/Vietnamese employees by retaining their employment, promoting them to replace MR. LE despite his superior experience and outstanding performance.

66.     The reason given by ARMSTRONG for the aforementioned adverse actions described herein above was a mere pretext; ARMSTRONG'S real reason for terminating MR. LE was to discriminate against him due to his age, race and national origin.

67.     As a direct, foreseeable, and proximate result of ARMSTRONG'S conduct, as alleged above, MR. LE has suffered reduced earning capacity, lost income, employment, and career opportunities and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

68.     MR. LE incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

69.     As a proximate result of the conduct complained of herein, MR. LE suffered and continue to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

70.     Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage him, MR. LE request the assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

## FOURTH CAUSE OF ACTION

### (Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)

### FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Government Code § 12940, et seq. Article 1, Section 8 of the California Constitution)

71.    The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful termination in Violation of Public Policy.

72.    As promulgated in the Article 1, Section 8 of the California Constitution, a fundamental public policy exists for the workplace to be free from discrimination and retaliation on account of age, race and national origin.

73.    Additionally, FEHA Government Code section 12940 et. seq. provides that it is against public policy and an unlawful employment practice for an employer to discriminate against employees in compensation or in terms, conditions, or privileges of employment because of their race, national origin and age.

74.    MR. LE'S protected status under the FEHA is his age, race and national origin. ARMSTRONG knew that Plaintiff had the aforementioned protected status, described hereinabove.

75.    ARMSTRONG violated public policy by unlawfully terminating MR. LE'S employment and assigning employees, who were younger, non-Asian and non-Vietnamese to assume the duties and responsibilities that MR. LE had; the employees that ARMSTRONG assigned to assume the duties and responsibilities that MR. LE had were not as qualified and experienced as MR. LE to assume those duties and responsibilities.

76.    The reason given by ARMSTRONG for the aforementioned adverse actions described herein above was a mere pretext; ARMSTRONG'S real reason for terminating MR. LE was to discriminate against him due to his age, race and national origin.

77.    At all times mentioned in this complaint, MR. LE performed work competently for ARMSTRONG.

78.    MR. LE'S age and race/national origin were motivating factors in ARMSTRONG'S aforementioned decisions.

79.    The above acts of ARMSTRONG constituted discrimination in violation of public policy as described in the preceding paragraphs above. Such conduct was a substantial factor in causing damage and injury to MR. LE.

80.    As a direct, foreseeable, and proximate result of ARMSTRONG'S conduct, as alleged above, MR. LE has suffered reduced earning capacity, lost income, employment, and career opportunities and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

81.    MR. LE incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

82.    As a proximate result of the conduct complained of herein, MR. LE suffered and continue to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

83.    Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage him, MR. LE request the assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

## FIFTH CAUSE OF ACTION

### (Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)
### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION.
### (Government Code § 12940, et seq.)

84.    The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Take All Reasonable Steps to Prevent Discrimination.

85.     At all times relevant herein, ARMSTRONG was an employer as that term is defined in *California Government Code section 12926*, et seq., and as such, was barred from harassing and discriminating in employment decisions.

86.     At all times relevant herein, MR. LE was an employee of ARMSTRONG.

87.     At all times relevant herein, California Fair Employment and Housing Act Government Code § 12940, et seq. ("FEHA") was in full force and effect and was binding on Defendants. FEHA Government Code section 12940 provides that it is an unlawful employment practice for an employer to discriminate against an employee because of the person's national origin/race or age. An entity shall take all reasonable steps to prevent discrimination from occurring.

88.     The facts alleged in the Statement of Facts and in the preceding causes of action constitute violations of FEHA in that ARMSTRONG discriminated against MR. LE because of his age and race/national origin. Additionally, ARMSTRONG failed to take all reasonable steps necessary to prevent discrimination from occurring in violation of FEHA Government Code section 12940.

89.     As a direct and proximate result of the aforementioned wrongful conduct of ARMSTRONG, MR. LE has suffered reduced earning capacity lost income, employment, and career opportunities and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

90.     MR. LE incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

91.     As a proximate result of the conduct complained of herein, MR. LE suffered and continue to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

92.     Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage him, MR. LE request the

assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

**SIXTH CAUSE OF ACTION**

**(Against Armstrong World Industries, Inc. & Armstrong Flooring Inc.)**

**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

93.    The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional infliction of emotional distress.

94. .    ARMSTRONG'S discriminatory actions against MR. LE alleged in the Statement of Facts and in the preceding causes of action were extreme and outrageous and caused MR. LE severe emotional distress.

95.    The above acts of ARMSTRONG caused MR. LE severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment. As a direct, proximate and foreseeable result of the aforesaid conduct of ARMSTRONG, MR. LE has suffered damages and injuries set forth below.

96.    ARMSTRONG had the intention of causing and/or recklessly disregarded the probability of causing emotional distress to MR. LE and did, in fact, cause emotional distress to MR. LE. ARMSTRONG'S misconduct caused MR. LE severe emotional distress, including depression and anxiety.

97.    As a proximate result of Defendants' extreme and outrageous conduct, PLAINTIFF has suffered and continues to suffer severe emotional distress. PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

98.    As a direct and proximate result of the aforementioned wrongful conduct of ARMSTRONG, MR. LE incurred medical expenses, the exact nature and extent of which are unknown to MR. LE at this time and MR. LE will ask leave of court to amend this complaint in this regard when the same have been ascertained.

99.    Because the acts taken toward MR. LE were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage MR. LE, MR. LE requests the

assessment of punitive damages against ARMSTRONG in an amount appropriate to punish and make an example of ARMSTRONG.

**WHEREFORE,** Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

1.     For compensatory damages for an amount in excess of the jurisdictional limit of this Court and according to proof at trial;

2.     For an award of punitive damages according to proof at trial;

3.     For medical and related expenses for an amount according to proof at trial;

4.     . For lost earnings and related expenses, as allowed by law, and according to proof at trial;

5.     For attorneys' fees and costs as permitted by law, including but not limited to *Labor Code* sections 1194 and 226(e) and *Government Code* section 12900, et seq.;

6.     For attorneys' fees and costs as permitted by law and according to proof at trial;

7.     For prejudgment interest on all amounts claimed, as permitted by law; and

8.     For such other and further relief as the Court deems just and proper.

Dated: 3/1/2020

LAW OFFICES OF AZUKA L. UZOH

By:
AZUKA L. UZOH, ESQ
Attorney for Plaintiff
TRUONG LE

Law Offices of Azuka L. Uzoh
1930 Wilshire Blvd., Suite 1216
Los Angeles, CA 90057
(213) 483-4020, (213) 483-4037 fax

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests for Jury Trial.

LAW OFFICES OF AZUKA L. UZOH

Date: 2/1/2020

By: _____
AZUKA L. UZOH, ESQ
Attorney for Plaintiff
TRUONG LE.

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 9, 2020

Blessing Ekpezu
1930 Wilshire Boulevard, Suite 1216,
Los Angeles, California 90057

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202001-08821108
      Right to Sue: Le / Armstrong World Industries, INC. et al.

Dear Blessing Ekpezu:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 9, 2020

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202001-08821108
        Right to Sue: Le / Armstrong World Industries, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 9, 2020

Truong Le
11961 Old Fashion Way
Garden Grove, CA 92840

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202001-08821108
        Right to Sue: Le / Armstrong World Industries, INC. et al.

Dear Truong Le,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 9, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Truong Le                                             DFEH No. 202001-08821108

                              Complainant,

vs.

Armstrong World Industries, INC.
2500 Columbia Avenue P.O. Box 3001
Lancaster,, Pennsylvania PA 17604

Armstrong Flooring INC.
2500 Columbia Avenue P.O. Box 3025
Lancaster,, Pennsylvania PA 17604

                    Respondents

_____

1. Respondent **Armstrong World Industries, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Truong Le**, resides in the City of **Garden Grove** State of **CA**.

3. Complainant alleges that on or about **January 3, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, family care or medical leave (cfra) (employers of 50 or more people), genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), marital status, other, association with a member of a protected class, criminal history.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, family care or medical leave (cfra) (employers of 50 or more people), genetic information or characteristic, disability (physical or mental), medical

-1-
*Complaint -- DFEH No. 202001-08821108*

Date Filed: January 9, 2020

condition (cancer or genetic characteristic), age (40 and over), marital status, other, association with a member of a protected class, criminal history and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for religious beliefs, denied employer paid health care while on pregnancy disability leave, other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for religious beliefs, other, denied or forced to transfer.

**Additional Complaint Details:** Truong Le (Mr. Le") was employed by Armstrong World Industries Inc. and/or Armstrong Flooring Inc. (collectively "Armstrong") where he worked as a Supervisor in the residential line of Armstrong's South Gate Plant for over 7 years. Of the 5 Supervisors in Armstrong's Southgate Plant, Mr. Le is the oldest being over 40 years of age; and the only Asian of Vietnamese descent. Further, Mr. Le is the most experienced, having worked there longer than the other Supervisors. In fact, Mr. Le trained the other Supervisors. Mr. Le performed his job in an exemplary manner throughout his employment with Armstrong. In November 2019, Armstrong informed Mr. Le of his employment termination effective January 3, 2020. Following his termination, Mr. Le was replaced by a younger, less-experienced and Non-Asian employee whom he trained. Prior to his termination, Armstrong's managerial Staff regularly made derogatory statements regarding Mr. Le's age including plans to lay off older staff to make room for younger employees. Mr. Le was also subjected to derogatory slurs and innuendos on account of his race and Vietnamese origin. Armstrong's reason for terminating Mr. Le is nothing but a pretext to cover up its discriminatory animus against Mr. Le because of his age, race and National origin.

Date Filed: January 9, 2020

VERIFICATION

I, **Azuka Uzoh**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On January 9, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California.**

-3-
*Complaint – DFEH No. 202001-08821108*

Date Filed: January 9, 2020